■    In the Matter of GUY R. OVERTON, Also Known as GUY R. DAVIS.— Order unanimously reversed, without costs, and temporary custody of the child awarded to the natural mother in accordance with the following memorandum: It is clear from the record that there has been no abandonment of the child by its natural mother, since her decision to seek its return came only two weeks after she surrendered it. Other than her age, 17, the fact that the child was born out of wedlock and that she is poor, there is no evidence that she is an unfit mother. However, such factors are not the test to determine whether a natural parent will be able to regain custody of her child. There is nothing in this record to demonstrate that appellant would not be a fit or competent parent. The facts in this case appear to be similar to those set forth in *Matter of Spence-Chapin Adoption Serv.* v. *Polk,* (29 N Y 2d 196) where Chief Judge (then Judge) BREITEL stated (p. 201): " There has been no serious effort to assert, let alone establish abandonment of the child. There has been, it is true, assertion of unfitness, but the problems the mother has are no greater nor different than for other young unmarried mothers, further complicated by her particular circumstances. There is a chasm between unfitness for parenthood and what is only troubled parenthood, or poverty, or difficulty in resolving plans for a child's upbringing. Even if she has not lived wisely, the mother loves and is concerned for her child ". It should be noted that the record before us is devoid of any finding by the trial court that the welfare of the infant child, who is the subject of this proceeding, will not be promoted by return to the natural mother. In view of all of the presumptions which grant her status and a pre-eminent right to the child's custody, absent any contrary finding, the order which approved the surrender for adoption should be reversed and temporary custody of the child awarded to the natural mother. The record further indicates that the child and her mother will live with the mother of appellant. There are several other children of the appellant's mother living in the home which is being supported by welfare grants. The Onondaga County Welfare Department should make regular visits to the home to note the manner and care which the child is being accorded. If in the judgment of that department the welfare of the child is being harmed by the continuation of custody in the mother, it should make immediate application to the Family Court for a review of the situation and a determination of the custody question. It is hoped that by this disposition the family unit will be preserved, but this must not be the overriding consideration if the interests and welfare of the child should require a different disposition. In any event the Onondaga County Welfare Department should report to the Family Court

not later than one year from entry of the order hereon as to the status of the matter. In passing we note that the Family Court made its decision immediately after the hearing and failed to make any finding whatever. Findings, of course, should be made in a case of this nature so that the basis of the court's action is clearly established. (Appeal from order of Onondaga County Family Court in adoption proceeding.) — Present — Marsh, P. J., Cardamone, Simons, Mahoney and Goldman, JJ.